UNITED STATES, Appellee

v.

JACK BILLINGSLA, Private E–2, U. S. Army, Appellant

6 USCMA 249, 19 CMR 375

No. 6373

Decided August 12, 1955

*First Lieutenant Leslie D. Scharf* argued the cause for Appellant, Accused. With him on the brief were *Colonel Burton F. Ellis, Lieutenant Colonel Joseph L. Chalk, Lieutenant Colonel Edward Duvall, Lieutenant Colonel Jackson K. Judy,* and *Captain Albert C. Malone.*

*First Lieutenant Lewis W. Evans* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *Major Stanley H. Rubinowitz.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Two of the three issues upon which we originally granted review in this case had been decided adversely to the accused in other cases. United States v. Williams, 6 USCMA 243, 19 CMR 369; United States v. Petroff-Tachomakoff, 5 USCMA 806, 19 CMR 102. The remaining issue concerns the failure of the specification to allege an assault with a dangerous weapon. The specification reads as follows:

"In that Private E-2 Jack Billingsla, . . . did . . . on or about 5 September 1954 commit an assault upon Private E-2 Roger H Porterfield by threatening him with a dangerous weapon, a means likely to produce grievous bodily harm to wit: a loaded M-2 Carbine."

Before the accused entered his plea, he moved to have the specification made more definite and certain by "showing the manner" in which the accused threatened the victim. The law officer denied the motion. The accused then entered a plea of not guilty. He was convicted and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for one year. Intermediate appellate authorities have affirmed the findings of guilty and the sentence.

The legal sufficiency of a specification is determined by the facts it alleges. United States v. Deller, 3 USCMA 409, 12 CMR 165. Every essential element of the offense charged must be set out directly or by necessary implication. United States v. Rios, 4 USCMA 203, 15 CMR 203; United States v. Fout, 3 USCMA 565, 13 CMR 121. If, all the essential elements are properly alleged, it is not necessary that they be stated with absolute precision. United States v. Marker, 1 USCMA 393, 3 CMR 127.

This appeal is concerned only with whether the facts sufficiently allege an assault with a dangerous weapon; it is not concerned with whether the specification should have described "the manner" of the assault with greater clarity. The accused contends that the specification is fatally defective because it alleges a mere threat of violence, which in law does not constitute an assault. See: United States v. Smith [CM 370655], 15 CMR 510; United States v. Sheets, 81 BR 305; 6 CJS, Assault and Battery, §§ 5b, 62. The argument turns upon the meaning of the words "by threatening him with a dangerous weapon." Specifically, the question then is, "Does this phrase import only the declaration of a purpose or intent to do something, or does it imply that a dangerous weapon was at hand, and that it was actually used by the accused in an assault?"

Words should be interpreted according to their ordinary sense and in their usual application. They should also be considered in context. Considering the language of the specification in its natural sense, it refers to action, not words.

The clause "with a dangerous weapon," indicates the manner in which the "threatening" was effected. It clearly implies some sort of use of the weapon. The exact nature of the act is not described; it may, therefore, have been a pointing of, a striking with, or some other gesture with the weapon. See United States v. Simmons, 1 US CMA 691, 5 CMR 119. The particular manner of use is unimportant. What is important is that the words indicate the threatening *use* of a loaded weapon, not the mere *uttering* of threatening words. We conclude, therefore, that the specification is sufficient to allege an assault with a dangerous weapon.

The decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.