UNITED STATES, Appellee

v

EDWARD T. SAUNDERS, Basic Airman, U. S. Air Force, Appellant

8 USCMA 585, 25 CMR 89

No. 10,217

Decided January 10, 1958

*Captain John H. Leonard* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was convicted of assault with a means likely to produce grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. Intermediate appellate authorities having affirmed, we accepted the accused's petition for review to consider whether the findings prepared for the court-martial by the law officer in closed session were the same in law as the findings first reached by the court.

While the court members were deliberating in closed session, the law officer and reporter were called in to help place the findings in proper form. The president suggested that the findings of the court were expressed by an amended version of the original specification. The specification, as originally worded, is shown in the following quotation, and the italicized words are those excepted by the court:

"In that Airman Basic Edward T. Saunders United States Air Force, 604th Aircraft Control and Warning Squadron, Tactical Control Wing, Provisional, did, at Vimy Kaserne, Freising, Germany, on or about 23 November 1956, commit an assault upon Airman Second Class Behrns A Willbern Jr by striking him on and about the head with his fist *and a sharp instrument* and did thereby *intentionally* inflict grievous bodily harm upon him, to wit: a severe and deep laceration of the right eye-ball."

The president, in explanation of the findings, went on to say:

"I will read this to you and see if this is proper. I propose to advise the accused that he has been found of the specification: Guilty, except the words 'and a sharp instrument' and the word 'intentionally'. The specification will otherwise remain as written.

LO: And that is all that you have?

PRES: Yes, I will give you this also.

LO: Let's mark this also as an exhibit. I understand now that you have found him guilty of committing

an assault with means likely to produce grievous bodily harm.

(The reporter marked the document referred to above Appellate Exhibit 7.)

PRES: Right."

The law officer then advised the president of the correct form of the findings, which form the court-martial announced as their verdict in open court, amending the original specification to the following form:

In that Airman Basic Edward T. Saunders, United States Air Force, 604th Aircraft Control and Warning Squadron, Tactical Control Wing, Provisional, did, at Vimy Kaserne, Freising, Germany, on or about 23 November 1956, commit an assault upon Airman Second Class Behrns A Willbern, Jr, by striking him on and about the head with his fist, a means likely to produce grievous bodily harm.

We have little trepidation in reaching our decision. Under Article 39, Uniform Code of Military Justice, 10 USC § 839, a general court-martial may request the law officer and the reporter to appear before the court to put the findings in proper form. Indeed, we have held that a law officer may inform the president that the findings are not in proper form even after they are announced in open court. United States v Downs, 4 USCMA 8, 15 CMR 8.

In the instant case, the record of the closed session, part of which is quoted above, indicates that the court-martial wished to except from the specification only the phrase which described the use of a sharp instrument and the word which expressed the specific intent. The language showing the use of the fists, one of the means which the court found produced the serious bodily harm inflicted upon the victim, was retained. The evidence shows the injuries were so severe that it was necessary to remove the victim's right eye, and obviously when the fists are used in a manner likely to produce that result, an aggravated assault has been committed. Considered in the light of the foregoing facts and circumstances, we have no doubt that at all times the court-martial intended to find the accused guilty of an aggravated assault and that all the law officer did was to suggest the wording which would express the findings in correct legal parlance. While he made stylistic changes, we can see no difference in substance between the first expression of the president of the court-martial and the findings, finally returned, for they both encompass the same substantive offense. Nor will we consider the argument that the offense envisioned by the court was a simple assault and battery, rather than aggravated assault. Not only were the fists used in a manner likely to produce serious bodily injuries, but grave bodily harm was in fact inflicted. We considered and rejected a similar contention in United States v Vigil, 3 USCMA 474, 13 CMR 30, where we initially decided that use of the fist could be the means necessary to support a finding of guilt under Article 128(b)(1) of the Code.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.