UNITED STATES, Appellant

v

MANUEL THACKER, Technical Sergeant,
U. S. Air Force, Appellee

16 USCMA 408, 37 CMR 28

No. 19,595

November 25, 1966

*Lieutenant Colonel Thomas J. Connolly* argued the cause for Appellant, United States. With him on the brief was *Colonel Emanuel Lewis.*

*Lieutenant Colonel William A. Howland, Jr.,* argued the cause for Appellee, Accused. With him on the brief was *Colonel Joseph Buchta.*

## Opinion of the Court

QUINN, Chief Judge:

One of several charges lodged against the accused alleged he violated Article 134 of the Uniform Code of Military Justice, 10 USC § 934, by wrongfully committing an "indecent, lewd, and lascivious act with Lonnie C. McDonald by placing his hand" upon an intimate part of McDonald's body. With exceptions and substitutions, the special court-martial,[1] to which the charges had been referred for trial, found the accused guilty. The court excepted the words "indecent, lewd and lascivious act" and substituted in their place "assault consummated by battery." It made no change in the number of the Article of the Uniform Code set out in the charge.

On initial review, the convening authority affirmed the findings of guilty returned by the court-martial, and modified the sentence by reducing the period of confinement from six months to three months. The supervisory authority deleted the finding as to the part of McDonald's body involved in the "assault and battery," and changed

[1] ACM S–22100.

the charge to indicate that the Article violated by the accused was 128 of the Uniform Code, supra, 10 USC § 928, instead of 134. He also modified the sentence and provided for suspension of the discharge. The board of review set aside the approved findings of guilty of assault and battery on the ground the offense was not lesser included in that originally charged. Under the provisions of Article 67(b)(2) of the Uniform Code, 10 USC § 867, the Judge Advocate General of the Air Force certified the record of trial for review of the following question:

Was the board of review correct in its determination that assault and battery is not a lesser included offense of committing an indecent, lewd, and lascivious act with another as alleged in specification 2 of Charge II?

A court-martial is not necessarily required either to convict the accused of the offense alleged or to return a verdict of not guilty. In a proper case, if the evidence leaves a reasonable doubt of guilt as to the offense

**409**

charged, but none as to a lesser offense included within that charged, the court-martial may acquit the accused of the former and find him guilty of the latter. Article 79, Code, supra, 10 USC § 879; United States v Lamerand, 4 USCMA 702, 704, 16 CMR 276. The "basic test" to determine whether the court-martial may properly find the accused guilty of an offense other than that charged is whether the specification of the offense on which the accused was arraigned "alleges fairly, and the proof raises reasonably, all elements of both crimes" so that "they stand in the relationship of greater and lesser offenses." United States v Duggan, 4 USCMA 396, 399–400, 15 CMR 396.[2] Both aspects of the "basic test" of allegation and proof must be satisfied. United States v Maginley, 13 USCMA 445, 447, 32 CMR 445. Similarly, an appellate authority cannot affirm findings of guilty of a lesser offense which does not satisfy both aspects of the test. United States v Lamerand, supra; United States v McFarland, 8 USCMA 42, 23 CMR 266.[3]

So far as the evidence is concerned, there is ample support for findings of assault and battery. Mc-Donald testified he was awakened about 2:00 a.m., by the Dorm Guard, and directed to report to the accused in the Flight Office. He reported, wearing only his undershorts and a T-shirt. The accused was in a state of intoxication. After some conversation, he told McDonald to sit on the bed in the office. McDonald complied, and the accused sat "right beside" him. He then moved his hand under McDonald's underclothes and explored McDonald's body. Although the accused repeatedly told McDonald not to "worry," McDonald "was scared and did not know what to do." He was "afraid" to do anything because he thought he would be "hit" by the accused. It is reasonably inferable from this testimony that the accused fondled McDonald's body without his consent, and without legal justification or excuse; such action constitutes an assault and battery. See Guarro v United States, 237 F2d 578 (CA DC Cir) (1956); cf. United States v Singletary, 14 USCMA 146, 33 CMR 358.

Whether the offense of assault and battery is fairly comprehended within the allegations of a specification charging the commission of a lewd and indecent act has not been directly considered by this Court. Two cases, however, reflect an intuitional assumption that it is.

In United States v Singletary, supra, the accused was convicted of committing a lewd act upon a female. On review, the board of review determined certain evidence relating to the offense found had been erroneously admitted. It also concluded that testimonial admissions by the accused justified affirmance of findings of guilty of the lesser offense of assault and battery. Reviewing the record of trial, this Court determined that the accused's testimony did not amount to a judicial admission of assault and battery. That view of the evidence made it unnecessary to consider whether assault and battery was fairly included within the language of the offense found by the court-martial, but the tone of the opinion suggests that, if the accused had judicially confessed to assault and battery, the board of review's decision would have been sustained. A similar assumption appears in United States v Cudd,

<hr/>

[2] The Manual for Courts-Martial, United States, 1951, contains a table of lesser delicts commonly included within a specification setting out the elements of the principal offense. The list is not "all inclusive" and cannot "be applied mechanically in every case." Manual, supra, Appendix 12, Note, page 537; United States v Davis, 2 USCMA 505, 509, 10 CMR 3. The offense charged in this case is not included in the table.

[3] Since the same standard is applicable to the trial forum and appellate tribunals, we put aside the preliminary question of whether the findings by the court-martial, as distinguished from those approved by the supervisory authority, actually effected a legal change in the nature of the charges. See United States v Saunders, 8 USCMA 585, 25 CMR 89; United States v Deller, 3 USCMA 409, 12 CMR 165.

6 USCMA 630, 20 CMR 346. There, the accused was convicted of taking indecent liberties with a young girl. The Court affirmed findings of guilty of assault and battery. These indications, of course, are not determinative of the certified question, but they reflect this Court's disposition to take a broad view of the issue.

With his customary flair for picturesque description, Judge Brosman observed that, in the military, the problem of determining what lesser offenses are fairly included within the allegations of a specification of a principal offense is viewed with "an outsize pair of spectacles." United States v McVey, 4 USCMA 167, 175, 15 CMR 167. Where the record of trial indicates the parties construed the language of the specification to include a particular lesser offense, this Court has been inclined to accept that construction. United States v Lamerand, supra. See also United States v King, 10 USCMA 465, 28 CMR 31. Here, both parties patently believed the lesser offense of assault and battery was included within the "pleadings." Trial counsel submitted a request for instructions to the president of the court. Among other things, he asked that an instruction be given to the effect that assault and battery was included "within the evidence and pleadings" as a lesser offense. Defense counsel noted that he had examined the requested instructions and had no objections to them. The instructions were approved, and the court-martial was fully informed as to assault and battery, as an alternative to the offense charged. This interpretation of the scope of the specification is reasonable.

Rephrased, the language of the specification contains two allegations important to the problem. The first is that the accused "wrongfully" touched an intimate part of McDonald's body. The second is that the accused's act was lewd, lascivious, and indecent. The latter allegation "fairly shouts its criminal nature," without further characterization as wrongful. United States v Gaskin, 12 USCMA 419, 421, 31 CMR 5. Apparently, therefore, the reference to the wrongful nature of the act was intended to convey something in addition to criminality. The logical inference is that "wrongfully" was intended to describe the act as being willful and without consent. See United States v Hallett, 4 USCMA 378, 381, 15 CMR 378. A touching of the person of another, without consent, justification or excuse, constitutes an assault and battery. United States v Singletary, supra; United States v Kluttz, 9 USCMA 20, 23, 25 CMR 282.

Appellate defense counsel contend that, as used in the specification, the phrase "with Lonnie C. McDonald" can only be construed to mean that the accused committed the lewd act with McDonald's consent.[4] In common usage the word "with" has various meanings. In one sense it indicates an association of a reciprocal or consensual nature; in another it merely denotes the object of one's attention or concern. Webster's Third New International Dictionary, page 2626. The model form of specification set out in the Manual for Courts-Martial,[5] which apparently was used here, provides no clue to whether it was intended only for a situation in which the lewd act was performed upon another with his consent. Since a lewd and indecent act can be committed with or without consent, the reasonable inference is that the general form was intended to apply to both situations. From that standpoint, the specification is like one alleging the offense of sodomy. Sodomy, too, can be committed with the consent of the person upon whom the accused performed his unlawful act, or it can be accomplished by force. In United States v Morgan, 8 USCMA 341, 344,

---

[4] This interpretation was rejected in the principal opinion in United States v Cudd, 6 USCMA 630, 20 CMR 346, where the accused was charged with taking indecent liberties *with* a child.

[5] See Form 149, Appendix 6c, Manual for Courts-Martial, United States, 1951, page 492.

**411**

24 CMR 151, we held that when the "latter variety is shown to exist, assault is an essential element" of the charge, and is lesser included therein, notwithstanding that the specification alleges the act was committed *with* another. See Form 95, Appendix 6c, Manual for Courts-Martial, supra, page 485. The word "with" in the specification does not, in our opinion, define the manner in which the indecent act was committed. Rather, it serves merely to point out the person affected by the accused's act. Thus, the specification here, as in a sodomy specification, leaves open the particular means by which the act was accomplished. Lack of precision in this allegation may entitle the accused, by appropriate motion, to further particulars, but it does not bar proof of, or conviction for, a lesser offense established by the evidence. United States v Billingsla, 6 USCMA 249, 251, 19 CMR 375; United States v Shelton, 4 USCMA 116, 15 CMR 116. See also United States v Hobbs, 7 USCMA 693, 23 CMR 157. We conclude, therefore, that the language of the specification fairly includes the elements of the lesser offense of assault and battery.

· The certified question is answered in the negative. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to the board of review for further proceedings consistent with this opinion.

Judges FERGUSON and KILDAY concur.