UNITED STATES, Appellee

v

VITO R. VIRGILITO, Private, U. S. Army, Appellant

No. 26,673

July 6, 1973

*Major Franklin D. Arness* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick* and *Captain Barry K. Duwe.*

*Captain Lawrence D. Martin* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Stan L. Spangler,* and *Captain M. Douglas Deitchler.*

## OPINION OF THE COURT

DARDEN, Chief Judge:

The situation presented in this record requires that we determine whether disrespect to a superior commissioned officer, in violation of Article 89, Uniform Code of Military Justice, 10 USC § 889, is a lesser included offense of a charge of willful disobedience of a superior commissioned officer, in violation of Article 90, UCMJ, 10 USC § 890.

At his trial, the accused pleaded guilty to willful disobedience of an order from Captain Samuel E. McGee, "to move to another cell in building 144 of the Post Stockade . . . Fort Leonard Wood, Missouri." The military judge inquired into the providence of the accused's plea and, determining that the accused had been unable to comply with the order, rejected the plea. After some deliberation, he accepted a similar plea to the offense of disrespect to Captain McGee, arising from the accused's reply to that officer when the order was given.

According to the accused, Captain McGee approached his cell and ordered him to move to another cell. The accused did not immediately reply, and Captain McGee implied that if he did not comply peacefully, other steps would be taken. Private Virgilito then stated, "Well, if you want to do it physically, come on in and try."

During the providency inquiry, the accused conceded that his behavior toward Captain McGee and the language

that he used were disrespectful. He expressed satisfaction with the proceedings and declared that he was freely and voluntarily pleading guilty to the "lesser included" offense of disrespect.

■ This Court has applied a liberal standard in determining whether an offense is lesser included in one that is charged. It has rejected the notion that the lesser offense must necessarily be included in the greater. United States v Thacker, 16 USCMA 408, 37 CMR 28 (1966); United States v McVey, 4 USCMA 167, 15 CMR 167 (1954). The basic test to determine whether the court-martial may properly find the accused guilty of an offense other than that charged is "whether the specification of the offense on which the accused was arraigned 'alleges fairly, and the proof raises reasonably, all elements of both crimes' so that 'they stand in the relationship of greater and lesser offenses.'" United States v Thacker, supra at 410, 37 CMR at 30.

In the present case, the accused's reply to Captain McGee was obviously disrespectful, for it not only rejected peaceful compliance with McGee's lawful command but also intimated physical combat would ensue if efforts were made to remove him from the cell. The evidentiary aspect of the test is fully satisfied, and we turn to the question whether the allegation of willful disobedience fairly embraces the elements of the offense of disrespect. A comparison of the elements of the two offenses is helpful:

| *Willful Disobedience* | *Disrespect* |
|---|---|
| 1. That the accused was lawfully ordered by Captain McGee to move to another cell. | 1. That Captain McGee was the superior commissioned officer of the accused. |
| 2. That Captain McGee was the superior commissioned officer of the accused. | 2. That the accused knew Captain McGee was his superior commissioned officer. |
| 3. That the accused knew Captain McGee was his superior commissioned officer. | 3. That the accused's behavior or language was disrespectful to Captain McGee. |
| 4. That the accused willfully disobeyed the order. | |

Examination of the elements of the two offenses establishes that all except

that of using disrespectful behavior or language are common to both. Appellate

**22 USCMA 395**

defense counsel contend that the excepted element cannot be included in the offense of willful disobedience, since disobedience may be accomplished in the most respectful manner. *Cf.* United States v Ferenczi, 10 USCMA 3, 7, 27 CMR 77, 81 (1958).

■ The defense view construes our prior holdings too narrowly. This Court's precedents do not require that a lesser offense be necessarily included in that charged. The question respecting the allegations is whether they fairly embrace the elements of the lesser offense and thus give adequate notice to the accused of the offenses against which he must defend. United States v Thacker, supra. In this case, we conclude that this standard is met.

■ In the military context, it is arguable that every willful disobedience of a lawful order involves an intentional defiance of authority that carries with it connotations of disrespect for the superior officer who issued it. But in any event, an allegation that the accused willfully disobeyed an order at least puts him on notice of the manner of that disobedience. If the evidence establishes that the disobedience occurred in a disrespectful manner, the element of disrespectful behavior or language may fairly be said to be implied from the charge of disobedience, and the offenses of disobedience and disrespect stand in the relationship of greater and lesser charges. This is no more than an application of the broad rule that this Court has consistently applied in determining this relationship. United States v Hobbs, 7 USCMA 693, 23 CMR 157 (1957); United States v McVey, supra.

■ In the case before us, the accused disobeyed Captain McGee's order and also uttered a disrespectful challenge to him. That challenge was fairly embraced within the pleaded disobedience, and we conclude that the military judge properly considered it as a lesser included offense to which the accused might enter a plea of guilty.

The decision of the U. S. Army Court of Military Review is affirmed.

Judge QUINN concurs.

DUNCAN, Judge (dissenting):

In the case before us, the specification of the Additional Charge states in part:

In that Private . . . Virgilito . . . having received a lawful command from . . . his superior commissioned officer, to move to another cell in building 144 of the Post Stockade, did . . . willfully disobey the same.

The majority hold that the evidence reflects "the accused disobeyed Captain McGee's order and also uttered a disrespectful challenge to him. *That challenge was fairly embraced within the pleaded disobedience*" (emphasis supplied). I disagree with this conclusion.

The record reflects that in explaining to the military judge what occurred with regard to the charged offense, the appellant stated:

I told Captain McGee, "Sir, I'd like to talk to you for a minute." He came over to my cell and said, "What do you need?" So, I told him that Prisoner Holland and Prisoner Dixon were making too much excessive noise and keeping us up at night upstairs. So he told me, he said, "I'm going to move you downstairs." So I didn't say nothing after that. I kept my mouth shut because I was pretty mad.[1] If I would have said something, I would have got an additional charge added on to me.

So, I kept my mouth shut and he ordered me to go downstairs. I didn't say a word. Then, he said, "O.K., I asked you peacefully, now we have to go the next step." So I said "Well, if you want to do it physically, come on in and try." So then, he just walked away from the cell.

Under continued questioning by the military judge, the appellant disclosed that the cell door was locked at all pertinent times and the key was in the office of the stockade turnkey located downstairs.

---

[1] Appellant stated he was angry because he felt that the Captain should have moved the noisemakers and not him.

After further discussion with the appellant, the military judge declared:

> Well, I find your plea of guilty, Private Virgilito, even though you want to plead guilty and even though you feel that you had a guilty mind on that occasion, from what you have told me, I can't find an actual disobedience of this order as alleged in the specification. Now, he might have told you more than that; get up and start packing your equipment and get ready to move downstairs and to move, and if that had been alleged in here, we might have had a different thing. The only thing it says is to move to another cell and with the evidence I can gather from what you've told me—not evidence, but what you have told me—you never had an opportunity to move because your cell door was always locked.
>
> .    .    .    .    .
>
> O.K. I'm rejecting your plea. I'll enter a plea of not guilty to this charge.[2]

When the military judge directed trial counsel to check with his witnesses for the trial of the case, he informed the participants at trial, "if the evidence comes out that he never had an opportunity to move out of that cell, if the door was locked, I'm not going to find him guilty." At this juncture, trial counsel inquired whether it would be open to the Government to prove the lesser included offense of disrespect. After discussion with both counsel and the appellant, the military judge accepted the latter's plea of guilty to a violation of Article 89, UCMJ, 10 USC § 889:

> Was, at the Post Stockade . . . disrespectful in language and behavior to a superior commissioned officer . . . by deliberately failing to begin to make preparation to comply with the order of Captain McGee to move from one cell to another in the Post Stockade and, by saying to Captain McGee, "If you want to move me by force, come on in and start doing it" or words to that effect.

There is no way of knowing precisely why trial counsel declined the offer of a recess in order to obtain his witnesses and proceed to trial on the charged offense. It can be presumed, however, that he knew the cell door was locked and that, in light of the military judge's remarks, a not guilty verdict on the ground of physical inability to comply with the order, United States v Heims, 3 USCMA 418, 12 CMR 174 (1953), would probably result.

My brothers take the position that "an allegation that the accused willfully disobeyed an order at least puts him on notice of the manner of that disobedience." I believe that this is a valid position; however, what was the *manner of that disobedience* in this case? The specification of the Additional Charge is silent as to this question and the evidence of record reflects that upon receiving the order the appellant stood at attention and was mute. He was aware that "[i]f I would have said something, I would have got an additional charge added on to me." It was only *after* the veiled *threat* by Captain McGee to use force to effectuate his order, *cf.*, United States v Struckman, 20 USCMA 493, 43 CMR 333 (1971); United States v Noriega, 7 USCMA 196, 21 CMR 322 (1956), that the alleged disrespectful language was uttered in reply. Had the prosecution believed that this language was indicative of the *manner of the disobedience,* I believe it should have so alleged in the specification. Its failure to do so is, in my opinion, fatal to this conviction.

In United States v Ferenczi, 10 USCMA 3, 7, 8, 27 CMR 77, 81–82 (1958), this Court stated:

> [W]illful disobedience of an order constitutes such behavior regardless of whether it is accompanied by an arrogant manner or is attended by the most respectful demeanor. United States v Soukup . . . [2 USCMA 141, 7 CMR 17 (1953)]; United States v Trani, 1 USCMA 293, 3 CMR 27 [1952].

In this case, it is clear that the appel-

---

[2] The plea was rejected on the ground that it was improvident. Article 45(a), UCMJ, 10 USC § 845; United States v Woods, 22 USCMA 137, 46 CMR 137 (1973).

lant, as well as trial and defense counsel, believed that there was sufficient evidence to convict when the appellant, after having received the order, remained at attention and was mute. This information, together with the appellant's acknowledgment to the military judge that he did not intend to comply would, in my opinion, be sufficient to constitute a violation of the charged offense. See United States v Ferenczi, supra.

I would have no difficulty in finding the accused to have violated Article 89, UCMJ, if the specification had contained some indication of the essential element of disrespect. Absent this element, the specification simply does not state that offense. United States v Fout, 3 USCMA 565, 13 CMR 121 (1953). The specification utterly failed to advise the appellant that he should be prepared to meet the disrespect issue at trial. A plea of guilty does not preclude a later attack on a specification upon the ground that it does not state an offense. Paragraph 68*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). Moreover, the presence of evidence in the record cannot remedy a defective charge. United States v Soukup, supra. See my separate opinion in United States v Ross, 22 USCMA —, 46 CMR — (June 15, 1973). That is what was done in this case.

Unless we are prepared to hold as a *matter of law* that every willful disobedience charge, regardless of how specified, includes within it disrespect to the person giving the order, this conviction cannot be affirmed. I am not prepared to so hold.