UNITED STATES, Appellee,

v.

Private E1 Samuel MONTGOMERY, SSN 416–84–0159, United States Army, Appellant.

CM 436980.

U. S. Army Court of Military Review.

26 July 1978.

Major Benjamin A. Sims, JAGC, Captain D. David Hostler, JAGC, and Captain James J. Parwulski, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Douglas P. Franklin, JAGC, and Captain Brian X. Bush, JAGC, were on the pleadings for appellee.

Before CLAUSE, DRIBBEN and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted by a general court-martial of robbery and sentenced to a bad-conduct discharge, confinement at hard labor for two years and total forfeiture of all pay and allowances.

The record discloses that appellant and Private D. met the victim, a transvestite named Kurt Unger, when the victim was sitting in his parked automobile in Berlin, Germany. The victim invited them to his apartment where, after drinking some whiskey, and viewing a pornographic film, the victim committed fellatio upon both of them. While this was happening appellant attempted to remove the victim's clothing. He then discovered that the victim was not a woman. The victim was beaten by both the appellant and Private D. and both demanded that the victim give them his money. The victim finally told them where his money was located and while appellant held the victim, Private D. took the money. Appellant and Private D. left after securing the money which they divided between them.

Appellant testified at the trial that it was Private D. who robbed the victim, that he had nothing to do with it, although he did admit fighting with the victim, and that he did receive half of the money from Private D. He now contends that the trial judge erred by not instructing the jury on larceny, a lesser included offense of robbery.

The basic test to determine whether the court-martial may properly find the accused guilty of an offense other than that charged is whether the specification of the offense on which the accused was arraigned alleges fairly, and the proof raises reasonably, all the elements of both crimes so that they stand in the relationship of greater and lesser offenses. *United States v. Thacker*, 16 U.S.C.M.A. 408, 37 C.M.R. 28 (1966). While larceny is a lesser included offense of robbery (Appendix 12, Manual for Courts-Martial, United States, 1969 (Revised edition)), the proof here shows only a robbery and not a larceny. The judge did not err in failing to instruct on larceny.

Over appellant's objection, the government was permitted to introduce

into evidence three colored photographs showing the victim's injuries. Appellant contends this was prejudicial error since the photographs were inflammatory and served no useful purpose. We do not agree. The admissibility of photographs is left to the sound discretion of the military judge. *United States v. Coleman*, 36 C.M.R. 574 (ABR 1965). We have examined the photographs and do not believe they are inflammatory. Moreover, they were admissible to show the force which was used to persuade the victim to surrender his money.

Citing *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978) appellant contends his trial by only five members violated his right to trial by jury under the Sixth Amendment to the United States Constitution. He also contends that since other defendants are tried by six members or more, he was denied equal protection of the law. We are unable to agree with these contentions.

■ Since the military forces are exempt from those provisions of the Sixth Amendment of the United States Constitution under consideration (*United States v. Crawford*, 15 U.S.C.M.A. 31, 35 C.M.R. 3 (1964)), the case of *Ballew v. Georgia, supra,* is inapplicable.

■ The equal protection clause of the Fourteenth Amendment to the United States Constitution applies only to state governments and does not extend to authority exercised by the Government of the United States. The Fifth Amendment contains no equal protection clause. *Detroit Bank v. United States*, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304. However, although the Fifth Amendment contains no equal protection clause, it does forbid discrimination that is so unjustifiable as to be violative of due process. *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Article 16 of the Uniform Code of Military Justice, 10 U.S.C. § 816 requires that there be at least five members on a general court-martial. We do not believe that since the number of members is variable, the result is discrimination that is so unjustifiable as to be violative of due process.

■ Appellant claims the military judge erred when, in advising of his right to have enlisted personnel as members, did not tell him that such enlisted members would not come from appellant's unit. We know of no such requirement. Article 25 of the Uniform Code of Military Justice, 10 U.S.C. § 825 provides that any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on a general court-martial for the trial of any enlisted member. The existence of a disqualification in the statute does not translate into an affirmative duty on the part of the judge to inform the accused that such disqualification exists.

The judge, without objection, gave the following instruction:

"Gentlemen, there is also evidence in this case that the accused may have disrobed, and that he may have been involved in an act of fellatio, he may have removed some of Kurt Unger's clothing and may have tried to engage in some sort of sex activities with Kurt Unger before discovering Kurt Unger was in fact a male. That evidence may be considered by you only insofar as it may assist you in assessing the credibility of the witnesses. Again I wish to emphasize that that evidence may be considered for no other purpose whatsoever. You may not infer from that evidence that the accused has an evil disposition or criminal propensity, and that he therefore committed the offenses alleged."

Appellant contends that 1) the judge should not have given the instruction but, instead, should have instructed the members that they should not consider any of the uncharged misconduct, 2) the instruction fails to inform the members that such evidence can not be considered as tending to prove guilt and 3) the alleged uncharged misconduct was irrelevant on the issue of credibility.

■ The rule has long been in American jurisprudence that evidence of another and distinct crime is admissible where it was committed as part of the same transaction

and forms part of the *res gestae*. *United States v. Crowe*, 188 F.2d 209 (7th Cir. 1951); *United States v. Hatcher*, 423 F.2d 1086 (5th Cir. 1970); *Gianotos v. United States*, 104 F.2d 929 (9th Cir. 1939); *Murdick v. United States*, 15 F.2d 965 (8th Cir. 1926); 22A C.J.S. Criminal Law §§ 663 & 664; 1 Wigmore, Evidence, 3rd Ed. § 218. Stated in another way, the complete story of the crime may be shown even though it reveals other crimes. *State v. Villavicencio*, 95 Ariz. 199, 388 P.2d 245 (1964). This rule has been recognized by the military courts. *United States v. Daniels*, 37 C.M.R. 878 (AFBR 1967); *United States v. Tobin*, 17 U.S.C.M.A. 625, 38 C.M.R. 423 (1968). To hold otherwise would be to require cases to be tried in a vacuum and could often lead to a misconception of the facts by the trier of facts.

Was a limiting instruction even required here? We think not. Such an instruction is required only when evidence is admitted for a limited purpose. That is not the case here. Such evidence is considered general purpose evidence not requiring limitation by instructions. *United States v. Daniels, supra*. The giving of the instruction was gratuitous and harmless.

The findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE did not participate.