## UNITED STATES

v.

## Airman First Class Michael J. DORION, FR 045–52–0685 United States Air Force.

## ACM 24071

U.S. Air Force Court of Military Review.

Sentence Adjudged 28 April 1983.

Decided 13 Jan. 1984.

---

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert, Lieutenant Colonel Andrew J. Adams, Jr., Captain Brenda J. Hollis and Major Thomas O. Maser, USAFR.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The facts are not in dispute. On 12 January 1983, the occupants of the third floor of Building 635 on Malmstrom Air Force Base were awakened by smoke in the hallway. Fires were discovered in both latrines on that floor. In one latrine paper towels were found smoldering in a shower stall; in the other smoke was seen coming from a metal paper towel dispenser attached to the wall. Twelve days later, 24 January, a mop was found burning in a third floor closet. Subsequent investigation uncovered a burnt pool table and drapes in the recreation room. Both incidents occurred during the night when the residents of the building were asleep.

After full advisement of his Codal rights and right to counsel the accused executed a written statement acknowledging he had started the fires. He indicated that on each occasion he had been drinking too much and suggested the fires were set as a release for his frustrations.

The accused was charged with two allegations of attempted aggravated arson in violation of Article 80, U.C.M.J., 10 U.S.C. § 880. He pleaded not guilty. Thereafter, the military judge, in a bench trial, found the accused guilty as charged of the 24 January 1983, offense (Specification 2 of the Charge), but regarding the 12 January allegation (Specification 1 of the Charge), guilty, by exceptions and substitutions, of simple arson in violation of Article 126, U.C.M.J., 10 U.S.C. § 926. The approved sentence extended to a bad conduct discharge, confinement at hard labor for six years, forfeitures of all pay and allowances, and reduction to airman basic.

After receiving the assignment of errors and Government's reply, we specified the following issue:

IS SIMPLE ARSON (ARTICLE 126) A LESSER INCLUDED OFFENSE OF ATTEMPTED AGGRAVATED ARSON (ARTICLE 80)?

By his findings as to the 12 January offense, the military judge apparently concluded that there was no danger that Building 635 would catch fire or that such was intended by the accused, *see United States v. Huettenrauch*, 16 M.J. 638, 640 n. 4 (A.F.C.M.R.1983), hence his refusal to find the accused guilty of attempted aggravated arson. Department of the Army, Pamphlet 27–9 (May 1982), Military Judge's Bench-book, paras. 3–2 and 99 [hereinafter Military Judge's Benchbook].

The issue before us is whether simple arson is a greater offense than attempted aggravated arson so as to preclude the trial judge from entering a finding of guilty as to that offense. In *United States v. Osborne*, 10 C.M.R. 441 (A.B.R.1953), an accused was found guilty of attempted burglary in violation of Article 80, U.C.M.J. The convening authority, however, approved only so much of the findings as found him guilty of housebreaking in violation of Article 130, 10 U.S.C. § 930. An Army Board of Review concluded this was illegal as housebreaking was a greater offense not lesser of attempted burglary. Accordingly, it affirmed only so much of the approved findings as found the accused guilty of attempted housebreaking.

 By analogy the rationale of our sister service would appear to apply to the case before us. However, we respectfully decline to follow that decision concluding as we do that it was wrongly decided. An included offense exists when the specification, expressly or by fair implication, puts an accused on notice that he must defend against the included offense as well as the offense specifically charged. M.C.M., 1969 (Rev.Ed.), para. 158. In the case, *sub judice*, the pleadings describe an attempt predicated upon a burning. Thus all the elements of simple arson exist within the specification alleged. Military Judge's Benchbook, para. 3–100. Therefore, as far as the specification is concerned attempted aggravated arson has within it the offense of simple arson. The facts of this case shows a burning and unless the pleadings negate that theory, a finding of guilty as to simple arson is permissible within the terms of the specification. *See United States v. Hobbs*, 7 U.S.C.M.A. 693, 23 C.M.R. 157 (1957) (Quinn, C.J., concurring). The accused was put on notice by the specification that a burning had taken place. He was in no way prejudiced by the finding of guilty as to the less included offense of simple arson. Accordingly, we decide the specified issue in the affirmative. *Cf. United States v. Lakey*, 4 C.M.R. 837 (A.F.B.R.1952) (Absence without leave as a lesser included offense of attempted desertion).

 Appellate counsel also argue that while the accused's actions had the potential for disastrous consequences, this did not come to pass, and his outstanding record justifies a substantial reduction in the sentence, i.e., less confinement. We do not agree. To do what the accused did is serious; and to do it at night when those living in the building are asleep is even more aggravating.

The sentence is entirely appropriate. For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge and MILLER, Judge, concur.