## UNITED STATES

v.

## Senior Airman Gregory CHEATHAM, FR 404–92–2298 United States Air Force.

## ACM 24098.

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 May 1983.

Decided 27 June 1984.

Appellate Counsel for the Accused: Donald W. Brewer, Hampshire, England, Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before    HODGSON,    FORAY    and O'HAIR, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused was charged with rape in a trial with members. By exceptions and substitutions he was convicted of the following offense in violation of Article 134, U.C.M.J.:

In that SENIOR AIRMAN GREGORY CHEATHAM, United States Air Force ... did, at Royal Air Force Upper Heyford, England on or about 21 February 1983, wrongfully commit an indecent, lewd and lascivious act with R B by positioning yourself between her legs, exposing your penis to sexually gratify yourself while in the presence of others in barracks 445 which is morally unacceptable to society and contrary to the good order of the Air Force.

The approved sentence extends to six months confinement at hard labor, forfeiture of $382.00 per month for six months and reduction to airman basic.

Pursuant to Article 69, U.C.M.J., this case has been forwarded to us for review by The Judge Advocate General who has directed our attention to two issues which will be discussed *seriatim.*

I

WHETHER THE OFFENSE DESCRIB-ED BY THE COURT–MARTIAL IN ITS ANNOUNCED FINDINGS OF GUILTY IS A LESSER INCLUDED OFFENSE OF THE OFFENSE CHARGED.

At the outset we wish to thank both counsel for a well-briefed and well-argued case. The issue before us was addressed by an Air Force Board of Review in *United States v. Burns,* 25 C.M.R. 791 (A.F.B.R.), *pet. denied,* 25 C.M.R. 486 (C.M.A.1957). There we held that a want of consent is necessary for an accused to be convicted of a lesser degree of criminality, i.e., indecent, lewd and lascivious acts with another within a charge of rape where the abbreviated specification form is used. Citing *Burns* as seminal authority, appellate defense counsel argue that since the announced findings did not establish that the accused's conduct was nonconsensual, his conviction as to the lesser included offense cannot stand. Interwoven in his argument is the suggestion that indecent, lewd and lascivious acts with another would never be a lesser included offense of rape as currently pled in the Air Force.

■ We begin our discussion of this matter by observing that short form pleading is a long established military practice and is in keeping with the trend developing in the federal courts. *United States v. Marshall,* 18 U.S.C.M.A. 426, 40 C.M.R. 138 (1969); *United States v. Hobbs,* 7 U.S.C. M.A. 693, 23 C.M.R. 157 (1957). The test for lesser included offenses is whether the specification of the offense on which the accused was arraigned alleges fairly, and the proof raises reasonably, all the elements of both crimes so that they are in the relationship of greater and lesser offenses. *United States v. Thacker,* 16 U.S. C.M.A. 408, 37 C.M.R. 28 (1966). It was the thrust of the accused's argument that

the abbreviated rape specification did not place him on notice that he would be criminally liable for indecent, lewd and lascivious acts that were consensual in nature. *See generally United States v. Virgilito,* 22 U.S.C.M.A. 394, 47 C.M.R. 331 (1973). Of course, indecent acts with another covers both *consensual* and *nonconsensual* acts. *United States v. Thacker,* 36 C.M.R. 954 (A.F.B.R.), *aff'd,* 16 U.S.C.M.A. 408, 37 C.M.R. 28 (1966).

■ We have earlier stated that rape and forcible sodomy are kindred offenses and that the legal principles governing one also govern the other. *United States v. Small,* 48 C.M.R. 170 (A.F.C.M.R.1970). However, we have held on several occasions that indecent, lewd and lascivious acts with another is a lesser included offense of sodomy. *United States v. Hunt,* 5 M.J. 804 (A.F.C.M.R.1978); *United States v. Davis,* 21 C.M.R. 697 (A.F.C.M.R. 1956); *United States v. Vaughn,* 20 C.M.R. 905 (A.F.B.R.1955), *pet. denied,* 21 C.M.R. 340 (C.M.A.1956); *United States v. Archuleta,* 17 C.M.R. 372 (A.F.B.R.1954); *United States v. Butts,* 14 C.M.R. 596 (A.F. B.R.1954). In this same vein early decisions from the Air Force and Army Boards of Review have held that the offense of indecent assault has within it as a lesser included offense wrongfully committing an indecent, lewd and lascivious act with another. *United States v. Jackson,* 31 C.M.R. 654 (A.F.B.R.1961); *United States v. Jones,* 13 C.M.R. 420 (A.B.R.1953). It seems, at best, incongruous, that indecent, lewd and lascivious acts with another is a lesser included offense of sodomy and not of rape when both may be pleaded using a short form specification. We see no logical reason to apply different standards to each when determining the existence of a lesser included offense. We are cognizant that our sister service courts have held that adultery and fornication, both clearly consensual acts, are not included within a charge of rape. *United States v. Ambalada,* 1 M.J. 1132 (N.C.M.R.1977); *United States v. Nicholson,* 22 C.M.R. 402 (A.B.R. 1956). Indeed, we said the same in *Burns,*

*supra.* Under the facts, *sub judice,* however, the accused's actions with R B constituted an assault which is implicit in the crime of rape.

The members were given the pattern instruction on the lesser included offense of indecent, lewd and lascivious acts with another. *See* Department of the Army Pamphlet 27–9, Military Judge's Benchbook, para. 3–159 (1 May 1983). With respect to the offense of indecent acts with another, the acts must not only be indecent, lewd and lascivious but also must be prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. Additionally, the acts must be aggravated in some way i.e., occurred in the presence of other persons or were nonconsensual. *United States v. Anderson,* 10 M.J. 536, 538 (A.C.M.R.1980). It can be argued, with support in the record, that the accused was acquitted of rape not because the members found consent, but because they were not satisfied that he had achieved penetration of his unwilling partner. *United States v. Anderson, supra.* Their findings reflect that conclusion. In our opinion the abbreviated rape specification informed the accused that an indecent, lewd and lascivious act with another was a lesser included offense. *See United States v. Dorion,* 17 M.J. 1064 (A.F.C.M.R.1984). For the reasons stated we hold that indecent, lewd and lascivious acts with another, which are nonconsensual, is a lesser included offense of rape. *See United States v. Headspeth,* 2 U.S.C.M.A. 635, 10 C.M.R. 133 (1953). Accordingly, the certified question is answered in the affirmative.

We fully realize that our decision today conflicts with a precedent of some years standing. Like any appellate court we are loathe to say that those judges who went before were wrong. The doctrine of *stare decisis* is the keystone of the appellate process and it is our policy to adhere to precedent and not to unnecessarily disturb a settled point. But this maxim is founded on reason, and should not be applied as to banish reason from the law. We are aware that a higher appellate court might well disagree with both our decision today and the reasoning supporting it. We welcome their guidance. To the extent that *Burns, supra,* conflicts with this opinion, it is overruled.

## II

THE EVIDENCE OF RECORD IS LEGALLY AND FACTUALLY INSUFFICIENT TO SUPPORT THE FINDINGS OF GUILTY.

■ Appellate counsel assert, *arguendo,* that even if the findings of the court is correct that indecent, lewd and lascivious acts with another is a lesser included offense of the charge, the evidence will not support a conviction. As stated in the briefs the trial testimony of the prosecutrix and the accused are diametrically opposed. She said she was raped; the accused, on the other hand, testified his actions were merely amorous advances in preparation for sexual intercourse. He admitted, however, he held her hands down while he was on the bed with her. He denied slapping her and had no recollection of telling her to "shut up." This was in marked contrast with the testimony of R B and the other witnesses. We find that the accused's guilt has been established beyond a reasonable doubt. Article 66(c), U.C.M.J. There is no requirement that the accused entertain any specific intent while committing the offense of indecent, lewd and lascivious acts with another. *United States v. Carter,* 39 C.M.R. 764 (A.B.R.1968), *pet. denied,* 39 C.M.R. 293 (C.M.A.1969). We have no hesitation in concluding that the totality of the evidence makes clear that the accused's conduct with R B was wrongful and contrary to the good order of the Air Force. The findings of guilty and the sentence are

AFFIRMED.

O'HAIR, Judge, concurs.

FORAY, Senior Judge (dissenting):

I dissent. I do not find that the offense of wrongfully committing indecent, lewd and lascivious acts of which the accused

was found guilty to be necessarily included within the allegation of rape of with which the accused was charged. For the reasons stated in *United States v. Burns, supra,* I would set aside the findings of guilty and the sentence in the case.