UNITED STATES, Appellee,

v.

Private (E–1) Earl S. JOHNSON, SSN
242–04–5548, United States
Army, Appellant.

CM 435744.

U. S. Army Court of Military Review.

4 Jan. 1978.

Lieutenant Colonel John R. Thornock, JAGC, Captain D. David Hostler, JAGC, and Captain John H. Milne, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Steven M. Werner, JAGC, and Captain Richard A. Canatela, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Judge:

The appellant was charged and convicted, contrary to his pleas, of committing a lewd and lascivious act in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.

He received an approved sentence that included a bad-conduct discharge, confinement at hard labor for one year and forfeiture of all pay and allowances. Our review

of the appellant's case is pursuant to Article 66, UCMJ.

The operative facts with which we are concerned are that on 20 August 1976, a Mrs. W. accompanied by her sister was shopping at Fort Knox, Kentucky. During their visit to the post, the ladies entered the main cafeteria to have lunch. However, prior thereto, the two women entered the women's restroom. While Mrs. W. was inside, she noticed a shadow cast on the floor of the adjoining stall. Out of curiosity she leaned down and was able to see under the partial partition. She observed a male clad in Army fatigues on his hands and knees. She was astounded and exclaimed "You are a man." The soldier answered "No." Mrs. W. advised her sister of what she had seen and the two women departed the restroom. Shortly after they left, the appellant exited the restroom and was again observed by Mrs. W.

At trial the appellant was charged by specification as follows:

"Charge I: Violation of the Uniform Code of Military Justice, Article 134.
"Specification: In that Private E–1 Earl S. Johnson, U. S. Army, Troop E, 2nd Squadron, 6th Cavalry, Fort Knox, Kentucky, did, at Fort Knox, Kentucky, on or about 1750 hours, 26 August 1976, wrongfully commit an indecent lewd and lascivious act with [Mrs. W.] by secreting himself in the women's latrine of Building 1443–B, and peering into the adjoining stall that the said [Mrs. W.] was occupying."

The evidence of record shows that the appellant secreted himself in the women's restroom of the post cafeteria while that room was empty. It further establishes that while Mrs. W. was in the restroom the appellant moved from the third stall to the second stall. Although the record is not clear what the appellant intended, from his position he could see Mrs. W.'s legs. He was unable to observe her completely, however, as she had to bend down and look under the partition before she saw him in the next stall.

Article 134, UCMJ, specifically treats disorders and neglects which, under the circumstances are prejudicial to good order and discipline or are acts of a nature to bring discredit upon the Armed Forces. The commission of an indecent, lewd or lascivious act is such an offense and the gravamen thereof is disorderly conduct.[1] The Code provides for the punishment of two forms of disorderly conduct: the simple disorder with its one month and four month maximums, and the aggravated disorder with varying greater punishments.[2]

▉ An indecent, lewd or lascivious act with another signifies a form of aggravated disorderly conduct.[3] The terms "indecent", "lewd", and "lascivious", are synonymous and signify a form of immorality which has relation to sexual impurity.[4] In addition, the act must, in order to constitute the offense, be such as to excite lust and deprave the morals with respect to sexual relations regardless of whether the victim is consenting or not.[5]

▉ We have no doubt that the appellant's intentional presence in a latrine designated for the use of women constituted a simple disorder because such an act evinces a wanton disregard for a normal standard generally and properly accepted by society, in addition to bringing discredit upon the Armed Forces in the eyes of the victim and her sister or was otherwise prejudicial to good order and discipline.[6]

1. *United States v. Ray*, 14 C.M.R. 332 (A.B.R. 1954).

2. *See* para 127c, MCM, 1969 (Rev.); *United States v. Moore*, 33 C.M.R. 667 (C.G.B.R.1963); *United States v. Ray, supra*.

3. *United States v. Moore, supra*.

4. *See United States v. Gaskin*, 12 U.S.C.M.A. 419, 31 C.M.R. 5 (1961), and the cases cited therein; *United States v. Jackson*, 31 C.M.R. 738 (A.F.B.R.1962).

5. *United States v. Moore, supra*.

6. *See United States v. Clark*, 22 C.M.R. 888 (A.F.B.R.1956).

We can clearly state that the appellant's movement from the third stall to the second stall in the women's latrine was at least, for the purpose of viewing Mrs. W. during her use of those facilities.

The appellant's act therefore falls into a category or form of one of the many variations of sexual perversion medically described as voyeurism. As such, it is an act commonly described as performed by a "peeping tom." The fact that the appellant secreted himself in a ladies restroom in order to observe those who used those facilities is not so far different from one who stands outside a window of a house or home in the dead of night in hopes of observing female occupants in the nude.[7]

In either case, the act constitutes an invasion of the privacy of those observed and while constituting a form of sexual perversion, such an act *per se* is not directly related to exciting one's lust or depraving one's morals with respect to sexual relations.

Accordingly, we view the appellant's act as a disorder to the prejudice of good order and discipline and under circumstances to bring discredit upon the military service. We will correct this error in our findings below.

We also have no doubt that the appellant was prejudiced by the military judge's instruction to the jury that the maximum penalty included a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances and reduction to the grade of Private E-1. We will cure the error by reassessment of the sentence.

The remaining assignment of error has been examined and is deemed to be without merit.

Only so much of the findings of guilty of the charge and its specification is affirmed as finds that the appellant was at the date, time and place alleged, disorderly in station by wrongfully secreting himself in a stall within the women's latrine of Building 1443-B, and peering into a stall that was occupied by one [Mrs. W.]. Only so much of the sentence as provides for confinement at hard labor for four months and forfeiture of $265.00 pay per month for four months is affirmed.

Senior Judge JONES and Judge MITCHELL concur.

---

7. *See United States v. Clark, supra.*