UNITED STATES, Appellee,

v.

**Private First Class Darryl D. SMITH, SSN 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, United States Army, Appellant.**

CM 437507.

U. S. Army Court of Military Review.

8 June 1979.

---

Captain Grifton E. Carden, JAGC, and Captain Joseph W. Moore, JAGC, were on the pleadings for appellant.

---

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Charles A. Cosgrove, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

This case has been referred under Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, by The Judge Advocate General for review under Article 66, UCMJ, 10 U.S.C. § 966.

Appellant was convicted by a general court-martial of carnal knowledge in violation of Article 120, UCMJ, 10 U.S.C. § 920, and sentenced to be confined at hard labor for two years, to forfeit $260.00 per month for a like period, and to be reduced to the grade of E-1. The convening authority reduced the confinement and forfeitures to a period of six months.

■ Appellant assigns six errors as grounds to overturn his conviction or sentence: I. Whether the record of trial was sufficiently verbatim to permit an informed review;[1] II. The staff judge advocate was disqualified from reviewing the adequacy of his own handiwork when a substantial challenge was made to his pretrial advice; III. Whether carnal knowledge is a lesser included offense of rape, Article 120, UCMJ, when the age of the victim is not specified;[2] IV. Appellant's conviction of the charge and its specification (carnal knowledge) denied him his right to the equal protection of the laws as guaranteed him by Amendment V to the United States Constitution in that the statute under which he was convicted was gender based; V. the

appellant was substantially prejudiced by the trial counsel's final argument on sentencing when he argued general deterrence; VI. The trial judge's failure to consider mistake of fact as to victim's age, as a defense to the charge of carnal knowledge was error. Our disposition of Assignment III renders it unnecessary to address the remaining assignments of error.[3]

The original specification of the charge followed Model Specification 89, Appendix 6, Manual for Courts-Martial, United States, 1969 (Revised edition), in that it alleged the rape of a female under the age of sixteen years. At a pretrial session conducted under Article 39, UCMJ, 10 U.S.C.A. § 839, the military judge called upon the appellant to enter his pleas to this and other charges. At that same point, he called upon the appellant to present any motions to dismiss the charges or to grant other relief. Appellant, through counsel, responded by submitting a document containing seventeen motions, one of which moved the court to amend "Charge I and its Specification by deleting the phrase, to wit: 'a female under the age of sixteen years'." The basis for the motion was that "such words are only surplusage and they are not required as an element for the offense of rape." Before ruling, the judge required appellant to enter his plea. Appellant pleaded not guilty to each charge and specification. At a pretrial motions session four weeks later, the military judge denied this motion, but at another session immediately before trial two weeks after that, the judge, upon reconsideration, granted the motion to strike the words.

■ At the conclusion of the evidence on the merits, the judge proposed to instruct the court-martial members that carnal knowledge was a lesser included offense to rape. The trial defense counsel objected.[4]

---

1. Extending great latitude for creative advocacy, we nevertheless admonish appellate counsel to cast their assigned errors as legal conclusions, not questions or issues.

2. See Note 1.

3. The record of trial is adequate to permit an informed review of Assigned Error III without having to determine whether it would be adequate for all other review purposes.

4. The specific objection was predicated on the view that there had been no evidence to raise the issue of carnal knowledge. The prosecutrix

The objection was overruled[5] and the instruction given.

In an excellent brief, the Government cites us to *United States v. Virgilito,* 22 U.S.C.M.A. 394, 395, 47 C.M.R. 331, 332 (1973), as furnishing the test to determine whether a court-martial may properly find appellant guilty of an offense other than that charged. The test is:

"whether the specification of the offense on which the accused was arraigned 'alleges fairly, and the proof raises reasonably, the elements of both crimes' so that 'they stand in the relationship of greater and lesser offenses'."

Restated in *Virgilito,* 22 U.S.C.M.A. at 396, 47 C.M.R. at 333, the test is whether the allegations "fairly embrace the elements of the lesser offense and thus give adequate notice to the accused of the offenses against which he must defend."

In the case before us, the appellant entered court and was arraigned on a specification of a charge of violation of Article 120 that would clearly have permitted a lesser finding of carnal knowledge. Notwithstanding being initially called upon to plead to such a specification, the appellant entered the trial portion of the case in a completely different posture. By granting his motion to strike, the military judge removed from the pleadings the allegation of the victim's age and, unless it is implicit in the remaining language, removed her age from being an issue at trial.

In *United States v. Mosby,* 23 C.M.R. 425, 430 (A.B.R.1957), our predecessor Board of Review held:

"that the offense of carnal knowledge of a female 'who has not attained the age of sixteen years', as denounced by the Uniform Code of Military Justice, Article 120(b), is not a lesser offense included in the offense of rape as denounced by Article 120(a)."

(a 15-year-old whose community reputation was already somewhat tarnished) had testified that she had been forcibly raped by as many as thirteen soldiers in succession. The appellant, she testified, was among the last to do so.

5. After the judge overruled the objection to this instructing on carnal knowledge, trial defense

Recognizing the limitation on the President's rule-making authority under Article 36, UCMJ, 10 U.S.C.A. § 836, in the area of substantive law, *United States v. Frederick,* 3 M.J. 230 (C.M.A.1977), we nevertheless find the discussion in paragraph 199, MCM, 1969 (Rev.), to be illuminating when viewed against the backdrop of the Manual for Courts-Martial, United States, 1951, (paragraph 199; Model Specification 88, Appendix 6; and Article 120, Appendix 12) and the holding in *Mosby.*

Paragraph 199, MCM 1951, provided in pertinent part:

"Among the offenses which may be included in a particular charge of rape are assault with intent to commit rape, assault and battery and assault."

Model Specification 88, MCM, 1951, read as follows:

"88. In that _____ did (at) (on board) _____, on or about _____, 19__, (rape) (commit the offense of carnal knowledge with) _____."

Finally, the Table of Commonly Included Offenses at Appendix 12, MCM, 1951, did not list carnal knowledge as commonly included with the specification of rape.

Acknowledging that neither the above quoted portion of paragraph 199 nor the Table of Commonly Included Offenses was intended to be all inclusive with regard to included offenses, the reaction of the drafters of the MCM, 1969 (Rev.), to the *Mosby* holding is helpful.

In the 1969 MCM, the paragraph quoted from the 1951 MCM was retained. The model specification, however, was changed as follows:

"89. In that _____ did, (at) (on board) _____, on or about

counsel requested an instruction on mistake of fact as to age as a defense to carnal knowledge. The request was denied. Unlike government appellate counsel, we do not read this sequence as manifesting agreement that carnal knowledge was an included offense to rape.

_____ 19__, (rape _____)* (rape _____, a female under the age of 16 years) (commit the offense of carnal knowledge with _____).

  \* If this allegation is used, carnal knowledge can be an included offense of rape." [6]

And the Table of Commonly Included Offenses at Appendix 12 was changed to now include carnal knowledge (as read with the model specification, when properly pleaded).

Our research fails to disclose any persuasive basis upon which to abandon the holding of this court in *Mosby, supra.* Wearing even the most oversized Brosmanian spectacles,[7] we are unable to say that the appellant, after his motion to strike had been granted, was on adequate notice that he remained in jeopardy of a conviction for carnal knowledge. *United States v. Virgilito, supra.*

As was the case in *Mosby, supra,* this appellant was:

" . . . found guilty of carnal knowledge of a female under 16 years of age, [he] was so found guilty, in violation of Article 79, 10 U.S.C.A. § 879, of an offense not included in the charge of rape before the court."

On this basis, his conviction cannot stand. The findings of guilty and the sentence are set aside. The charge is dismissed.

Senior Judge JONES concurs.

Judge DeFORD not participating.

---

**6.** The Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition), DA Pamphlet 27-2, July 1970, in its discussion concerning the change in the model specification states that: "This specification was modified to include the proper means of alleging rape when carnal knowledge may be an included offense. *See* CM 392172, *Mosby,* 23 C.M.R. 425 (1957)."

**7.** *United States v. McVey,* 4 U.S.C.M.A. 167, 175, 15 C.M.R. 167, 175 (1954) (Brosman, J., concurring in the result).