**UNITED STATES, Appellee,**

v.

**Specialist Four (E-4) T. C. ANDERSON, SSN 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, United States Army, Appellant.**

**CM 438989.**

U. .S. Army Court of Military Review.

22 Sept. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Carlos A. Vallecillo, JAGC, and Captain Courtney B. Wheeler, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain Stephen D. Smith, JAGC, and Captain Rexford T. Bragaw, III, JAGC, were on the pleadings for appellee.

Before RECTOR, CARNE and O'DONNELL, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was charged with rape and attempted rape. As to the former, he was convicted of carnal knowledge in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. As to the latter, he was convicted of wrongfully committing an indecent, lewd and lascivious act with another in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] His sentence to bad-conduct discharge and confinement at hard labor for one year was approved by the convening authority.

The appellant contends that under the circumstances the offense of committing an indecent act was not a lesser included offense of attempted rape. The basic test to determine whether a court may find an accused guilty of an offense other than that charged is "whether the specification of the offense on which the accused was arraigned 'alleges fairly, and the proof raises reasonably, all elements of both crimes' so that 'they stand in the relationship of greater and lesser offenses.'" *United States v. Thacker*, 16 U.S.C.M.A. 408, 410, 37 C.M.R. 28, 30 (1966). (Citations omitted.)

To qualify as a lesser included offense, it is not required that the lesser offense be necessarily included in the greater. "The question respecting the allegations is whether they fairly embrace the elements of the lesser offense and thus give

---

1. Wrongfully committing an indecent, lewd and lascivious act with another is an offense under the general article. *United States v. Sanchez*, 11 U.S.C.M.A. 216, 29 C.M.R. 32 (1960). The offense embraces both consensual and nonconsensual acts. *United States v. Thacker*, 16 U.S. C.M.A. 408, 37 C.M.R. 28 (1966). Unlike indecent assault, it does not require a specific intent to gratify lust or sexual desire. *United States v. Jackson*, 31 C.M.R. 738 (A.F.C.M.R. 1962).

adequate notice to the accused of the offenses against which he must defend." *United States v. Virgilito*, 22 U.S.C.M.A. 394, 396, 47 C.M.R. 331, 333 (1973).

We are satisfied that committing indecent, lewd and lascivious acts with another may be a lesser included offense of attempted rape. This is true, we believe in the case of nonconsensual acts even when the short–form style of pleading is used.[2] The Court of Military Appeals in *United States v. Hobbs*, 7 U.S.C.M.A. 693, 699, 23 C.M.R. 157, 163 (1957), had little difficulty in holding that indecent assault was a lesser offense of attempted rape, notwithstanding the use of the short–form specification:

> The allegation that [an accused] attempted to rape a named victim authorizes the prosecution to proceed on the theory that an assault occurred, and the very name of the principal offense indicates that the overt act would, in all probability, be indecent as well. If the proof, then, shows that to be the case, it is impossible to see where the accused has been harmed if the court–martial is permitted to return a finding on an offense lesser than the one charged.

This rationale in our opinion applies with equal validity to the question of whether indecent acts with another may be included in an offense of attempted rape when the proof shows the acts to have been nonconsensual.

In this case, the proof is more than adequate to establish that the indecent acts were violent and nonconsensual. The evidence shows that the appellant threatened the victim with a stick, grabbed her arm, struggled with her, forced her into an automobile, forcibly lowered her pants and underclothing, lowered his own pants and underclothing, lay on top of her, fondled her private parts, struck her in the face, and choked her. The victim scratched, hit, and kicked the appellant and became hysterical. Nevertheless, the appellant contends that by acquitting him of attempted rape the court found him guilty of only a consensual variety of indecent acts. Our reading of the testimony, however, convinces us that the court–martial acquitted the appellant of attempted rape not because they found consent, but because they were not satisfied that he entertained the required intent to rape the victim. Likewise, we are satisfied that the appellant was acquitted of the lesser offense of indecent assault because the court was not convinced that he had the requisite intent to gratify his lust or sexual desires.[3]

One issue remains–the adequacy of the instructions. The military judge instructed the court on the elements of attempted rape as well as those of the lesser offenses of indecent assault, indecent acts with another, and assault and battery. With respect to the offense of indecent acts with another, the acts must not only be indecent, lewd and lascivious but also must be either prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. Article 134, Code, *supra*. The acts, in other words, must be aggravated in some way, *e. g.*, the putative victim was under the age of sixteen, the incident occurred in the presence of other persons, or the acts were of a violent or otherwise nonconsensual nature. *See, e. g., United States v. Berry*, 6 U.S.C.M.A. 609, 20 C.M.R. 325 (1956); *United States v. Ortega*, 45 C.M.R. 576, 579 (A.C.M.R.1972). (Opinion of Chief Judge Hodson concurring in the result.)

In the instant case, the aggravating circumstances were the violent and nonconsensual aspects of the incident. As the

**2.** The operative portion of the specification simply alleged that the appellant did "attempt to rape" the named victim without specifying any aggravating facts. Such abbreviated pleading is proper. *See United States v. Hobbs*, 7 U.S.C.M.A. 693, 702–03, 23 C.M.R. 157, 166–67 (1957) (Chief Judge Quinn's concurring opinion).

**3.** The appellant's reliance on *United States v. Burns*, 25 C.M.R. 791 (A.F.B.R.1957) *pet. denied*, 9 U.S.C.M.A. 812, 25 C.M.R. 486 (1958), is misplaced. The Air Force Board of Review in that case held that a consensual form of indecent acts may not be the subject of a lesser included offense of rape where the short–form specification is used.

appellant correctly notes, the judge did not instruct the court as to the necessity of this element. The judge did, however, inform the court that they must be satisfied beyond a reasonable doubt that the acts were prejudicial to good order and discipline or of a nature to bring discredit on the armed forces. While it might have been preferable for the judge to have tailored the instruction to delineate the aggravating circumstances in issue, we are satisfied that his instructions under the circumstances were adequate.

We find no errors affecting the substantial rights of the appellant and are satisfied that the evidence supports the findings of guilty as to each offense.

The findings of guilty and the sentence are AFFIRMED.

Chief Judge RECTOR and Senior Judge CARNE concur.