## UNITED STATES

v.

**Joseph A. WATTS, 318 62 6050, Cyptologic Technician (Maintenance) Third Class (E–4), U.S. Navy.**

**NMCM 84 2341.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 1 Feb. 1984.

Decided 30 Nov. 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Brian M. Madden, JAGC, USNR, Appellate Defense Counsel.

LT Douglas R. Folkert, JAGC, USNR, Appellate Government Counsel.

Before GORMLEY, Senior Judge, and KERCHEVAL and LECORNU, JJ.

GORMLEY, Senior Judge:

Appellant was charged at a general court-martial with the rape of a dependent wife and unlawfully entering the bedroom of her government quarters. The court, consisting of officer and enlisted members, acquitted appellant of the unlawful entry charge and found him guilty of a lesser included offense, under the rape charge, of committing indecent, lewd and lascivious acts with another, in violation of Article 134, Uniform Code of Military Justice (U.C. M.J.), 19 U.S.C. § 934. His sentence included 9 months confinement at hard labor, reduction to the lowest enlisted pay grade and a bad-conduct discharge. The general court-martial convening authority approved the sentence as adjudged.

Appellant's first two assignments of error relate to the effect of the military judge instructing the members, over the civilian defense counsel's objection, on a lesser included offense of rape—indecent, lewd and lascivious acts with another. We will discuss the following assignments together:

## I.

THE MILITARY JUDGE ERRED TO THE MATERIAL PREJUDICE OF THE APPELLANT WHEN HE INSTRUCTED THE MEMBERS THAT CONSENSUAL SEXUAL INTERCOURSE BETWEEN ADULTS COULD BE CONSIDERED A LEWD AND LASCIVIOUS ACT AND, THUS, A LESSER INCLUDED OFFENSE OF RAPE.

## II.

THE FINDINGS OF THE COURT (TO THE LIO) FAIL TO ALLEGE AN OFFENSE COGNIZABLE UNDER THE U.C.M.J.

We are guided in this case by our decision in *United States v. Ambalada*, 1 M.J. 1132 (N.C.M.R.1977). In that case the appellant contended that the military judge erred in failing to instruct the members on adultery as a possible lesser included offense to rape of an unconscious hospital patient. The Court specifically held:

... (A)dultery and fornication are not included within a charge of rape. *United States v. Nicholson*, 22 C.M.R. 402 (A.B.R.1956), *affirmed* 8 U.S.C.M.A. 499, 25 C.M.R. 3 (1957); *United States v. Mosby*, 23 C.M.R. 425 (A.B.R.1957); *United States v. Burns*, 25 C.M.R. 791 (A.F.B.R.1957), *petition denied* 25 C.M.R. 486 (1958); *United States v. Wilson*, 32 C.M.R. 517 (A.B.R.1962). Adultery and fornication are offenses against the morals of society rather than the person of one of the participants. They do not involve an element of assault, such as is implicit in the heinous crime of rape and the offenses commonly recognized as lesser included in a charge of rape.

*Id.* at 1137.

In the instant case, the Appellant's civilian defense counsel succinctly stated the issue at hand: "... when the term 'rape' is employed as a legal term of art in short form pleading it cannot, under any circumstance, embrace *consensual* conduct. Hence, any lesser degree of criminality found to be included within the allegation of 'rape' must likewise involve want of consent (emphasis added)."[1]

---

1. Civilian defense counsel's response to the staff judge advocate's review. *See also Burns, supra* at 25 C.M.R. 794:

However, it is apparent that the gravamen of (the offense found) is not want of consent, otherwise it would be indecent assault... We concluded, therefore, that want of consent is necessary to be found in order to convict of a lesser degree of criminality within a charge of rape, at least where the abbreviated specification form (of rape) is used.

Appellate Government Counsel argues that "the evidence at trial was more than adequate to establish that the indecent acts alleged were violent and non-consensual." He cites only one case in apparent support, *United States v. Anderson*, 10 M.J. 536 (A.C.M.R.1980), for the proposition that the offense of wrongfully committing an indecent, lewd and lascivious act with another embraces both consensual and non-consensual acts. A "headnote" in the *Anderson* case does cite language from *United States v. Thacker*, 16 U.S.C.M.A. 408, 37 C.M.R. 28, 31 (1966), supporting that proposition. In *Thacker*, however, the accused was *initially* charged with committing indecent acts with another. The Court of Military Appeals held that assault was an appropriate lesser included offense and that the words "with another" did not preclude *non-consensual* acts. Moreover, the *Anderson* case allowed indecent, lewd and lascivious acts with another as a lesser included offense of *attempted* rape "in the case of non-consensual acts even when the short-form (attempt to rape) style of pleading is used." *Anderson, supra,* at 538, n. 2.

Appellate Government Counsel also cites *Anderson, supra,* in support of the military judge's instruction [2] by asserting that the evidence of force and violence tended to show appellant's non-consensual commission of the indecent, lewd and lascivious acts; that the members' contrary finding of consensual intercourse under the charged rape should be treated as an "inconsistent verdict;" and that this Court should affirm the findings of guilty.

From the outset, even if we were to accept the Army Court's apparent requirement of aggravating factors, that Court was speaking of those factors as affecting the element of prejudice to the good order and discipline or of a nature to bring discredit upon the armed forces. *Anderson, supra,* at 10 M.J. 538. Appellant admitted having sexual intercourse with the Mrs. C. The only issue was consent. The members' failure to convict appellant of rape was based upon their finding that appellant's act of sexual intercourse with the Mrs. C, and his actions attendant to it, were with her consent. The lesser included offense, as instructed, cited *consensual* sexual intercourse as the only "wrongful" act. It did not cite any *non-consensual* conduct, and as such, failed to state an offense properly cognizable as a lesser included offense of a short-form charge of rape. We are not prepared to accept a convoluted argument that an aggravated consensual act can be transformed into a non-consensual one.

▄▄▄ The members may only be instructed on non-consensual forms of indecent, lewd and lascivious acts as a proper lesser included offense to a short-form rape specification. Accordingly, we find that the military judge erred in instructing the members on the lesser included offense of indecent, lewd and lascivious acts, where the act was consensual sexual intercourse and where the only issue was that of consent. The members' findings of guilty to the lesser included offense were a nullity and are dismissed and the sentence is disapproved. Any benefits and entitlements

**2.** Over the civilian defense counsel's objection, the military judge gave the following lesser included offense instruction:

You are further advised that the offense of indecent, lewd acts with another is a lesser included offense of the offense set forth in the specification of Charge I. When you vote, if you *find the Accused not guilty of* the offense charged, that is *rape, ... then you should consider the lesser included offense of indecent, lewd acts with another....*

Now, in order to find the Accused guilty of this lesser included offense you must be con-

vinced by legal and competent evidence, beyond a reasonable doubt, as follows: One, that on or about 0300 hours, 25 June 1983, at (the victim's government quarters), the Accused *committed a certain wrongful act* with (the victim) *by having sexual intercourse with her;* that this act was indecent, lewd and lascivious; and three, that under the circumstances the conduct of the Accused was to the prejudice of good order and discipline in the armed forces, or was of a nature to bring discredit upon the armed forces.
Record at 322 (emphasis added).

which appellant was caused to forfeit as a result of his conviction shall be restored.

Judges KERCHEVAL and LECORNU * concur.

* Colonel John LeCornu took final action on this case prior to his detachment on 31 October 1984.