UNITED STATES, Appellee,

v.

Master Sergeant Curtis D. DRAKE, 509–44–6014, United States Army,
Appellant.

ACMR 8702110.

U.S. Army Court of Military Review.

15 April 1988.

For Appellant: Lieutenant Colonel Joel
D. Miller, JAGC, Major Marion E. Winter,
JAGC, Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Captain Carlton L. Jackson,

JAGC, Captain Thomas L. Herrington,
JAGC (on brief).

Before COKER, KENNETT and
ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Pursuant to his pleas, appellant was con-
victed by a military judge sitting as a gen-
eral court-martial of adultery and incest
(three specifications), in violation of Article
134, Uniform Code of Military Justice, 10
U.S.C. § 934 (1982) [hereinafter UCMJ].[1]
Appellant was sentenced to a dishonorable
discharge, confinement for seven years,
forfeiture of $400.00 pay per month for
eighty-four months and reduction to Pri-
vate E–1. Pursuant to a pretrial agree-
ment, the convening authority reduced the
term of confinement and forfeitures to thir-
ty-six months, and otherwise approved the
sentence.

Appellant avers that his pleas were im-
provident due to a substantial misappre-
hension of the maximum imposable sen-
tence. Specifically, appellant alleges that
his acts of sexual intercourse with his then
eighteen year old daughter, charged under
the Assimilative Crimes Act, 18 U.S.C. § 13
(1982), either constituted the offense of in-
decent acts with another or were so closely
related thereto that its sentence limitation
should have applied. *See* Manual for
Courts-Martial, United States, 1984 [herein-
after M.C.M., 1984], Rule for Courts-Mar-
tial [hereinafter R.C.M.] 1003(c)(1)(B)(i).
We disagree.

 An indecent act encompasses
"that form of immorality relating to sexual
impurity which is not only grossly vulgar,
obscene, and repugnant to common proprie-
ty, but tends to excite lust and deprave the
morals with respect to sexual relations."
M.C.M., 1984, Part IV, para. 90 c. The
indecency is related more to the circum-
stances surrounding the act than the act

---

1. The judge found the adultery specification to
be multiplicious for sentencing with one of the
incest specifications.

itself. *See, e.g., United States v. Thomas,* 25 M.J. 75 (C.M.A.1987) (dancing in the nude with children constitutes indecent act); *United States v. Ramirez,* 21 M.J. 353 (C.M.A.1986) (masturbation in front of children in public playground punishable as indecent liberties). The offense of incest is not criminal because of the act performed or the circumstances surrounding it, but rather because of the statutorily protected relationship (familial) between the offender and the victim. If there is any offense analogous to incest to be found in the UCMJ, it is carnal knowledge, a statutorily protected relationship based on age. UCMJ art. 120(b). Hence, we conclude that the offenses of incest and indecent acts are not closely related.

Even if the offenses were closely related, and the cap on confinement was five, not ten, years per specification,[2] appellant is not automatically entitled to relief. All the circumstances of the case must be considered to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in the decision to plead guilty. *United States v. Hunt,* 10 M.J. 222, 223–24 (C.M.A.1981). In the instant case, appellant was charged with rape, forcible sodomy, indecent assault, adultery, and indecent acts in addition to incest. Absent the pretrial agreement, appellant could have been subject to imprisonment for life. *See* M.C.M., 1984, Part IV, para. 45 e(1). The pretrial agreement provided that appellant could serve confinement for no more than three years, regardless of whether the government opted to prove the remaining offenses.[3] Appellant's answers during the providence inquiry clearly established his guilt of the adultery and incest specifications. Under these circumstances, we find that any misunderstanding regarding the maximum imposable confinement was an insubstantial factor in appellant's decision to plead guilty.

Hence, appellant's guilty pleas were provident.

The issues personally asserted by appellant are without merit.

The findings of guilty and the sentence are affirmed.

---

2. *Compare* M.C.M., 1984, Part IV, para. 90 e *with* Ky.Rev.Stat.Ann. §§ 530.020(2), 532.060(c) (Michie/Bobbs-Merrill 1987).

3. Although the pretrial agreement did not preclude prosecution of the other offenses, the government presented no evidence following the acceptance of appellant's guilty pleas.