UNITED STATES, Appellee,

v.

**Sergeant Lee E. KING, 258–23–4279,
United States Army, Appellant.**

**ACMR 8800746.**

U.S. Army Court of Military Review.

12 Dec. 1989.

For Appellant: Captain Jeffrey J. Fleming, JAGC (argued), Major Kathleen A. VanderBoom, JAGC, Captain Thomas A. Sieg, JAGC (on brief).

For Appellee: Captain Karen V. Johnson, JAGC (argued), Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC (on brief).

Before KANE, GILLEY, and
GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

A general court-martial consisting of officer and enlisted members convicted the appellant of "wrongfully commit[ting] an indecent act with Private E1 [L] by engaging in group sex with members of lower grades" in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. The appellant was tried on specifications that he did "rape on or about 8 November 1987 Private E1 [L]" and commit sodomy with her "by force and without [her] consent," in violation of Articles 120 and 125, UCMJ 10 U.S.C. §§ 920, 925, respectively. The convening authority approved the sentence of confinement for one year and reduction to Private E1.

Pertinently, the appellant assigns this error:

THE MILITARY JUDGE ERRED WHEN HE INSTRUCTED THE MEMBERS THAT CONSENSUAL SEXUAL INTERCOURSE BETWEEN ADULTS COULD BE CONSIDERED AN INDECENT ACT WITH ANOTHER, AND THUS, A LESSER INCLUDED OFFENSE OF A "SHORT FORM" RAPE SPECIFICATION.

We find that the military judge erred to the prejudice of the appellant. Accordingly, we will set aside the findings and the sentence.

The rape specification was in a "short-form" that simply alleged that the appellant "did rape" Private L. The appellant testified that he and Private L had sexual intercourse but that it was consensual. Following his testimony, the trial counsel requested an instruction on indecent acts with another as a lesser included offense of rape because the "accused on the witness stand has admitted that he had sex in the presence of three other individuals with Private [L]." Over defense objection, the military judge instructed on indecent acts with another as a lesser included offense of rape, specifically instructing the court members that rape required "that the act of sexual intercourse was done by force and without her consent, whereas the lesser offense does not include those elements."

Article 79, UCMJ, 10 U.S.C. § 879 (1982), provides: "An accused may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein." The Manual for Courts–Martial, United States, 1984, Part IV, paragraph 2(b) [hereinafter, M.C.M., 1984], explains Article 79, UCMJ, as follows:

A lesser offense is included in a charged offense when the specification contains allegations which either expressly or by fair implication put the accused on notice to be prepared to defend against it in addition to the offense specifically charged.... The notice requirement may also be met, depending on the allegations in the specification, even though an included offense requires proof of an element not required in the offense charged.

The government acknowledges that the principal exposition of the law in this area is found in *United States v. Hickson*, 22 M.J. 146, 154 (C.M.A.1986). In that case, the accused was charged with and found guilty of both rape and adultery. That court did not find a problem with the prosecution of both, but since the offenses were multiplicious for findings, one of the findings had to be set aside. Chief Judge Everett described a hierarchy of sexual offenses. He distinguished those offenses, such as rape, requiring force from those not requiring force:

Where force is absent but illicit intercourse remains, a different crime—such as carnal knowledge, adultery, bigamous cohabitation, or "open and notorious" fornication—has been committed.[11]

---

[11] Because force is missing but another aggravating factor is present, such offenses are not lesser-included in rape, *see* United States v. Ambalada, 1 M.J. 1132, 1137 (N.C.M.R.) *pet. denied*, 3 M.J. 164 (1977), and cases cited therein, "unless the added circumstance or element is one which is necessarily encompassed within the specification under which the accused is arraigned, considering the form and language of the specification, and considering the circumstances relied upon by the government to make out its case." United States v. Burns, 25 C.M.R. 791, 794 (A.F.B.R.1957). *See* United States v. Baker, 14 M.J. 361 (C.M.A.1983).

*United States v. Hickson*, 22 M.J. at 154 and n. 11.

We find that an earlier Court of Military Appeals formulation of the test is also helpful: " 'whether the specification of the offense on which the accused was arraigned alleges fairly, and the proof raises reasonably, all elements of both crimes....' " *United States v. Virgilito*, 47 C.M.R. 331, 332 (C.M.A.1973) (citation omitted).

■ The crux of the issue then is where can we permissibly find the "added circumstance or element" when it is not expressed in the specification. For the fornication to have violated Article 134 as an indecent act, it must be in the presence of third parties. *See United States v. Brundidge*, 17 M.J. 586 (A.C.M.R.1983), *petition denied*, 23 M.J. 174 (C.M.A.1986). We cannot find that element implied in the simple allegation of rape. Nor is it there by necessary implication.

More fundamentally, *Hickson* teaches that force is essential to finding rape, but since force is not present in consensual sexual offenses, those offenses simply are not present in a specification that alleges only that an accused did rape X. *See United States v. Hickson*, 22 M.J. at 154. *See also, United States v. Wilson*, 32 C.M.R. 517 (A.B.R.1962) (in short form pleading of

rape, it is the second element [by force and without consent], not the first element [sexual intercourse] from which the lesser included offenses are carved).

Although "group" sex was proved in the evidence presented by the government, we must determine whether that evidence alone warrants a finding of guilty of an indecent act with another in a prosecution for "rape" when the specification did not allege the presence of others or the consensual nature of the offense. Manual for Courts–Martial, Rule for Courts–Martial 307(c)(3) discussion (G)(iii) provides that the specification must apprise the accused of what he must defend against. Further, Rule for Courts–Martial 918(a)(1) provides that exceptions and substitutions may not be used to substantially change the nature of the offense. In *United States v. Serino,* 24 M.J. 848, 850 (A.F.C.M.R.1987), the court held that allegations must expressly or by fair implication put the accused on notice to be prepared to defend against it in addition to the offense charged. In *United States v. Baker,* 14 M.J. 361, 368 (C.M.A. 1983), the court held that when one offense contains different elements as a matter of law from those of another offense, a lesser included offense still results when the different elements "are fairly embraced in the factual allegations of the other offense and established by evidence introduced at trial."

On the issue of fair notice in this case, the appellant had no notice before he testified. Only after the appellant testified that the sexual intercourse was consensual did the government declare its objective to seek a conviction for consensual sexual activity, as an alternative to rape. The government did that by requesting an instruction on indecent acts with another by consensual sexual intercourse in the presence of others. Fair notice would not have been difficult to achieve in this context. The government could have charged indecent acts with another in the alternative to rape. Instead, the government elected not to charge the appellant with consensual sex offenses but then sought to convict him of one such offense. We conclude, then, that a summary allegation of rape in a specification is insufficient to meet the test of putting the accused on notice by fair implication that he must be prepared to defend against consensual sex offenses as well as against rape.

Though the appellant, a noncommissioned officer, allegedly had sexual intercourse with a private, no abuse of a superior-subordinate relationship was asserted in the specification. Thus, the difference in military status was not a possible element to sustain a conviction for a violation of Article 134, UCMJ. *Cf. United States v. Smith,* 7 M.J. 842 (A.C.M.R.1979) (accused not on adequate notice that he remained in jeopardy of a conviction of carnal knowledge when motion granted to strike the victim's age from specification for rape).

The government refers us to *United States v. Anderson,* 10 M.J. 536 (A.C.M.R. 1980), in which this court held that indecent acts with another embraces both consensual and nonconsensual acts. There we found that commission of indecent acts with another may be a lesser included offense of attempted rape. That case does not affect this one. Even if an indecent act with another could be committed by force and thus be a lesser included offense of rape, the military judge here expressly instructed the court members that force was not an element of the indecent act with another of which the court members could find the appellant guilty.

The findings of guilty and the sentence are set aside. The charge is dismissed.

Senior Judge KANE and Judge GIUNTINI concur.