**UNITED STATES, Appellee,**

v.

**Staff Sergeant Jerome BLAKE, 056–56–8616, United States Army, Appellant.**

**ACMR 9002945.**

U.S. Army Court of Military Review.

26 Nov. 1991.

**924**

For Appellant: Major Peter V. Train, JAGC, USAR, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Robert J. Walter, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

On mixed pleas, the appellant was found guilty of consensual sodomy, committing an indecent act with another, adultery, and obstruction of justice, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1982) [hereinafter UCMJ].[1] The military judge, sitting as a general court-martial, sentenced the appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay, and reduction to Private E1. The convening authority approved the sentence as adjudged.

### I.

The appellant, charged with rape in violation of Article 120, UCMJ, 10 U.S.C. § 920, pleaded guilty, pursuant to a pretrial agreement, to committing an indecent act with another. The plea, as entered by the appellant through his individual defense counsel, was as follows:

> To Charge I and its Specification: Guilty; excepting the words, "rape Private [S];" thereby substituting the words "wrongfully commit an indecent act with Private [S], a woman not his wife, by engaging in sexual intercourse while on duty in a communications van." To Charge I: Guilty, as to Article 134 [2]

---

1. The appellant pled not guilty to adultery, soliciting false statements, obstructing justice, and fraternizing. Of these offenses, he was convicted only of adultery.

2. An act of consensual heterosexual intercourse, whether adultery or fornication, is not a lesser included offense of rape. Manual for Courts-Martial, United States, 1984, Part IV, para. 62(c) [hereinafter MCM]; *United States v. Hickson*, 22

The appellant contends that his plea of guilty is improvident for want of sufficient factual and legal basis. Specifically, he asserts that his admitted act of consensual sexual intercourse was not indecent in that it was not performed in an "open and notorious" manner or in the presence of third parties. We disagree with the appellant's contention and hold that his plea was provident.

During the providence inquiry the military judge, *inter alia*, explained the elements of the offense and the definition of "indecency." He then elicited from the appellant the following information.

The appellant was a communications platoon sergeant in a signal company providing communications support to United States Army Europe during the annual RE-FORGER exercise. While supporting that mission, he became aware that some of his recently-assigned soldiers could not adequately operate certain communications equipment and required additional training. He organized an impromptu "hands on" class on the equipment which was located in the back of an Army van parked in the signal company's motor park. As part of the training, the soldiers cleaned and operated the equipment. As they worked, a problem developed with the equipment. The appellant summoned the maintenance sergeant and in due course, they identified and solved the problem. The maintenance sergeant then left the van to retrieve a computer disk needed to reactivate the van's communications equipment. At the same time, all but one of the soldiers went to a unit formation. The appellant and the remaining soldier, an enlisted woman, were left alone in the van. The van was unlocked and easily accessible to anyone choosing to enter. After acquiescing to the enlisted woman performing oral sodomy upon him, the appellant engaged in sexual intercourse with her on a table.

Their sexual activity abruptly ended when the appellant thought he heard someone at the door of the unlocked van. The appellant also admitted that he was married and a noncommissioned officer and that these circumstances contributed to the indecency and to the criminality of the act.

## II.

 Before accepting a plea of guilty, the military judge is required to explain to the accused each element of the offense and elicit an admission to sufficient facts to establish every element charged. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(e); *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). The factual circumstances elicited from the accused must objectively support the plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980). The mere possibility of a defense or of a conflict between a guilty plea and the accused's statements is not enough to render a guilty plea improvident. *United States v. Ballesteros*, 29 M.J. 14 (C.M.A.1989); *United States v. Logan*, 47 C.M.R. 1 (C.M.A.1973).

 In order to constitute the offense of committing an indecent act with another person under Article 134, UCMJ, the following elements must be proved:

(1) That the accused committed a certain wrongful act with a person;

(2) That the act was indecent; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline of the armed forces or was of a nature to bring discredit upon the armed forces.

MCM, Part IV, para. 90(b). "Indecent" signifies that form of immorality relating to sexual impurity which is not only grossly vulgar, obscene, and repugnant to common propriety, but tends to excite lust and deprave the morals with respect to sexual relations. *Id.*, para. 90(c). The act may be

M.J. 146, 148 and 154–55 (C.M.A.1986); *United States v. Nicholson*, 22 C.M.R. 402 (A.B.R.1956), *aff'd* 25 C.M.R. 3 (1957); *United States v. King*, 29 M.J. 901 (A.C.M.R.1989); *United States v. Watts*, 19 M.J. 703 (N.M.C.M.R.1984). *But see United States v. Cheatham*, 18 M.J. 721, 722 (A.F.C.M.R.1984). Normally, an accused may

not be convicted of a charge that is not a lesser included offense of a properly referred charge. However, the accused may waive such an irregularity by pleading guilty in language he proposes pursuant to a pretrial agreement with the convening authority. *United States v. Wilkins*, 29 M.J. 421 (C.M.A.1990).

committed either with or without the consent of the other party. *United States v. Thacker*, 37 C.M.R. 28, 31 (C.M.A.1966). An indecent act with another is a form of aggravated disorderly conduct. *United States v. Moore*, 33 C.M.R. 667 (C.G.B.R.1963); *United States v. Ray*, 14 C.M.R. 332 (A.B.R.1954); *United States v. Johnson*, 4 M.J. 770 (A.C.M.R.1978).

Some acts are indecent because of their intrinsic character. *See United States v. Gaskin*, 31 C.M.R. 5, 7 (C.M.A.1961) (some indecent acts "fairly shout" their criminal nature). *See also United States v. Holland*, 31 C.M.R. 30 (C.M.A.1961); *United States v. French*, 31 M.J. 57, 59–60 (C.M.A.1990) (discusses indecency as regards indecent language). Other acts are indecent because of the circumstances surrounding the act rather than the nature of the act itself. *United States v. Drake*, 26 M.J. 553 (A.C.M.R.1988).

■ The specific act alleged in the instant case, an act of heterosexual intercourse, is not intrinsically indecent. Therefore, unless the act is committed under circumstances rendering it indecent, there is no violation of Article 134, UCMJ.[3] The single most common circumstance relied upon by military courts in finding consensual sexual acts indecent, is the public nature of the act.[4] The act is sufficiently public if a "substantial risk" exists that it could be viewed by others. *United States v. Brundidge*, 17 M.J. 586 (A.C.M.R.1983), *remanded on other grounds*, 18 M.J. 12 (C.M.A.1984), *aff'd*, 20 M.J. 1028

(A.C.M.R.1985). The act must be performed in the presence of other persons or "in such a place and under such circumstances that it is reasonably likely to be seen by others." *United States v. Carr*, 28 M.J. 661, 665 (N.M.C.M.R.1989) (collecting cases).[5] An act is not private if committed in a "public place." *United States v. Scoby*, 5 M.J. 160, 164 (C.M.A.1978). *See e.g., United States v. Linnear*, 16 M.J. 628 (A.F.C.M.R.), *pet. denied*, 17 M.J. 277 (C.M.A.1983) (fellatio committed in a base exchange snack bar, even though behind a closed door, was in a place open to the public, and not private).

■ We find that the facts as elicited by the military judge during the providence inquiry support the conclusion that the sexual act was "public." The fact that the van was unlocked posed a substantial risk that others would observe the act by entering and inadvertently discovering the appellant engaging in sexual intercourse. Moreover, we take note of the fact that another noncommissioned officer was due to return to the van at any time. Finally, the act of sexual intercourse was performed during a time of duty in the workplace. The workplace was, under the circumstances, a public place. Taken together, these circumstances, as judicially admitted by the appellant during the providence inquiry, were legally and factually sufficient to support the appellant's conviction for committing an indecent act.[6] We therefore hold that his plea was provident.

3. Fornication, in and of itself, is not a crime in military law. *United States v. Snyder*, 4 C.M.R. 15 (C.M.A.1952); Hickson, 22 M.J. at 149–50; *United States v. Berry*, 20 C.M.R. 325 (C.M.A.1956). Adultery, however, is an offense under Article 134, UCMJ, but does not include an element involving indecency of the act. *Compare* MCM, Part IV, paras. 62 and 90.

4. We recognize that other circumstances may exist that may render even an arguably private consensual act indecent. *See, e.g., United States v. Woodard*, 23 M.J. 514, 516 (A.F.C.M.R.1986), *vacated and remanded on other grounds*, 23 M.J. 400 (C.M.A.1987), *findings set aside on other grounds*, 24 M.J. 514 (A.F.C.M.R.1987) (private, consensual intimate contact between a married officer and a babysitter was, under the circumstances, an indecent act); *United States v. Riv-*

*era*, 26 M.J. 638 (A.C.M.R.), *pet. denied*, 27 M.J. 459 (C.M.A.1988) (private voluntary indecent acts by a psychiatrist with a patient in his office affirmed without discussing the issue).

5. Carr is an indecent act case involving fornication, and uses the phrase "open and notorious" in discussing the issue. "Open and notorious"—rather than "public"—appears almost exclusively in indecent acts precedents involving fornication and rarely appears in opinions discussing other forms of consensual indecent acts. *See* Hickson, 22 M.J. at 147 n. 1. In most other cases involving consensual indecent acts, appellate courts discuss the "public" nature of the act, or that the act was committed "in the presence of other persons."

6. The appellant also admitted during the providence inquiry that his marital and supervisory

## III.

The appellant also asserts that the military judge erred by finding him guilty of adultery despite his plea of not guilty and the government's election not to present evidence on this charge. The government appropriately concedes, and we so find, that this inadvertent entry of a finding of guilty by the military judge was error. We will correct this error in our decretal paragraph.

The finding of guilty of Specification 1 of Charge III is set aside and the specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, and mindful of the requirements of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the Court affirms the sentence.

Senior Judge JOHNSON and Judge WERNER concur.

status was a factor contributing to the indecency of the act. We do not base our finding on the appellant's marital status or on the military relationship of the parties, and do not decide if these are proper factors in determining "indecency." *See dicta in United States v. Clarke*, 25 M.J. 631, 634 (A.C.M.R.1987) (the indecency, if any, must be based on the nature of the act, not the superior-subordinate relationship of the parties), *aff'd, not discussing issue*, 27 M.J. 361 (C.M.A.1989).